```
┌─────────────────────────────────────────┐
│ ___ FILED        ___ RECEIVED            │
│ ___ ENTERED      ___ SERVED ON           │
│          COUNSEL/PARTIES OF RECORD        │
│                                           │
│           APR - 3 ...                     │
│                                           │
│      CLERK US DISTRICT COURT              │
│        DISTRICT OF NEVADA                 │
│ BY: _____ DEPUTY             │
└─────────────────────────────────────────┘
```

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MARIE N. ZEDDIES, and MARIE N.
ZEDDIES, Guardian ad Litem for Marcus
Alexander Zeddies,

          Plaintiffs,

          vs.

NATIONWIDE HEALTH PLANS, fka CAL
FARM INSURANCE COMPANY;
NATIONWIDE LIFE INSURANCE
COMPANY, and DOES I through V,
inclusive,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

3:07-CV-00556–BES-VPC

**ORDER**

    Presently before this Court is Plaintiffs' Motion to Remand (#5), filed on December 19, 2007. The Court has also considered Defendants' Opposition (#8), filed on January 7, 2008, and Plaintiffs' Reply (#10), filed on January 22, 2008.

## BACKGROUND

    On May 8, 2006, Plaintiffs Marie N. Zeddies and Marie N. Zeddies as Guardian ad Litem for Marcus Alexander Zeddies ("Plaintiffs") filed a Complaint in the Second Judicial District Court for the State of Nevada against Defendants Nationwide Health Plans and Nationwide Life Insurance ("Defendants"). In their Complaint, Plaintiffs assert two causes of action for breach of contract. Specifically, Plaintiffs assert that Defendants refused to honor the Plaintiffs' medical claims and unilaterally rescinded Plaintiffs' health insurance contract.

1   Both causes of action sought reinstatement of the Certificate of Insurance, attorney's fees, and
2   "whatever other relief the Court deems just and equitable." (Petition for Removal (#1) at
3   Exhibit 1).

4        On November 16, 2007, Defendants filed a Notice of Removal asserting that this case
5   "is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and is
6   one which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(a) and
7   (b)." Id. at p. 2. Specifically, Defendants state that there is complete diversity between the
8   parties and that "plaintiff's demand to reinstate her policy of insurance will result in claims
9   exceeding $75,000." Id.

10        Plaintiffs now seek to remand the case to state court on the basis that the Defendants'
11   petition is untimely and because the Defendants have failed to prove that the amount in
12   controversy exceeds the jurisdictional minimum.

13                                    **DISCUSSION**

14        Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district
15   courts of the United States have original jurisdiction, may be removed by the defendant . . .
16   to the district court of the United States for the district and division embracing the place where
17   such action is pending." Federal district courts have original jurisdiction over civil actions in
18   diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and
19   where the matter is between "citizens of different States." 28 U.S.C. § 1332.

20        The proper procedure for challenging removal to federal court is a motion to remand.
21   28 U.S.C. § 1447. A federal court must order remand if there is any defect which causes
22   federal jurisdiction to fail, or if there is any defect in the removal procedure. Id. The removal
23   statutes are construed restrictively, and any doubts about removability are resolved in favor
24   of remanding the case to state court. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100,
25   108-09 (1941); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand,
26   the removing defendant faces a strong presumption against removal, and bears the burden
27   of establishing that removal was proper by a preponderance of evidence. Id. at 567; Sanchez
28   v. Monumental Life Ins. Co., 102 F.3d 398, 403-04 (9th Cir. 1996).

                                          2

1    Plaintiffs first oppose Defendants' removal as untimely. Specifically, Plaintiffs state that

2  the Defendants did not file the Notice of Removal until seventeen months after the Complaint

3  was served. (Motion for Remand (#5) at p. 2). Second, Plaintiffs argue that the Defendants

4  failed to demonstrate that the amount in controversy exceeds the jurisdictional minimum. Id.

5  at 5.  Plaintiffs state that the Complaint alleges damages "less than $75,000" and that

6  Defendants are merely speculating that the value of Plaintiffs' damages would exceed the

7  jurisdictional amount.  In response, Defendants argue that the Plaintiffs' Complaint misstates

8  the amount in controversy. (Opposition to Plaintiffs' Motion to Remand (#8) at p. 2).  Further,

9  "[b]ecause of the misdirection stated in the complaint, seemingly limiting damages to $75,000

10  . . . Defendants have only recently realized that the putative amount in controversy for the

11  remedy of specific performance alone may exceed the jurisdiction amount. . . ." Id. at p. 6.

12    28 U.S.C. § 1446(b) governs the timing of removal.  That statute provides:

13    The notice of removal of a civil action or proceedings shall be filed within thirty
       days after the receipt by the defendant, through service or otherwise  of a copy
14     of the initial pleading setting forth the claim for relief upon which such action or
       proceeding is based . . .

15
       If the case stated by the initial pleading is not removable, a notice of removal
16     may be filed within thirty days after receipt by the defendant, through service or
       otherwise, of a copy of an amended pleading, motion, order or other paper from
17     which it may first be ascertained that the case is one which is or has become
       removable, except that a case may not be removed on the basis of jurisdiction
18     conferred by section 1332 of this title more than 1 year after commencement of
       the action.

19

20  As can be seen, Section 1446 affords two thirty-day windows during which a defendant may

21  remove an action.

22    In potential diversity cases, three removal scenarios present themselves: "1) the case

23  clearly is removable on the basis of jurisdictional facts apparent from the face of the complaint

24  . . .; 2) the case clearly is not removable on the basis of jurisdictional facts apparent from the

25  face of the complaint . . .; or 3) it is unclear from the complaint whether the case is removable."

26  Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 692-93 (9th Cir. 2005).  The first scenario

27  triggers the first thirty-day window of Section 1446.  The third scenario, which is known as an

28  "indeterminate pleading," triggers the second thirty-day window and "the notice of removal may

1   be filed within thirty days after the defendant receives 'an amended pleading, motion, order
2   or other paper' from which it can be ascertained from the face of the document that removal
3   is proper." Id. (citing 28 U.S.C. § 1446(b)).

4           In this case, the Complaint expressly states that "the amount in controversy is less than
5   $75,000." (Notice of Removal (#1) at Exhibit 1). However, the Defendants argue that this
6   statement is inaccurate and that "it has become clear, by closely examining the circumstances
7   of Plaintiffs' claim, that the Complaint is inconsistent in what it states as the amount in
8   controversy." (Opposition to Plaintiffs' Motion to Remand (#8) at p. 3). According to the
9   Defendants, although the Complaint states that the amount in controversy is less than
10  $75,000, "the *ad damnun* clause seeks specific performance of the putative contract -
11  reinstatement of the alleged policy of insurance, in addition to attorney's fees and 'whatever
12  other relief as to this Court shall deem just and equitable.'" Id. at pp. 3-4. Defendants argue
13  that this clause satisfies the amount in controversy requirement because "[i]f the policy of
14  insurance were reinstated . . . the most likely result is payment by the insurer of sums far in
15  excess of $75,000." Id. at p. 4.

16          In this case, remand is appropriate because the Defendants' Notice of Removal is
17  untimely. As can be seen from the Defendants' argument, the Defendants are relying on the
18  amount of damages claimed in the Plaintiffs' initial Complaint to argue that the amount in
19  controversy satisfies the jurisdictional requirements for diversity jurisdiction. Specifically, the
20  Defendants rely on the *ad damnun* clause to argue that the amount in controversy would "most
21  likely" exceed $75,000. As such, because the Defendants are relying on the allegations of the
22  initial Complaint to argue diversity jurisdiction, the Defendants were required to file their notice
23  of removal "within thirty days after the receipt" of a copy of this pleading.[1] See 28 U.S.C. §

24  _____

25      [1] The Defendants state that because "of the misdirection stated in the complaint" they "only
    recently realized that the putative amount in controversy . . . may exceed the jurisdiction amount."
26  (Opposition to Motion to Remand (#8) at pp. 3-4). However, the Defendants do not provide any
    evidence outside of the initial Complaint to support this argument. Rather, Defendants assert that "the
27  Complaint is inconsistent in what it states as the amount in controversy." According to the Defendants,
    the inconsistency arises from the damages sought in the *ad damnun* clause of the initial Complaint.
28  Because this alleged inconsistency was in the initial Complaint, Defendants are still governed by the first
    thirty-day window of section 1446.

4

1 | 1446(b).

2 |     Based on the foregoing, because the Defendants failed to file their notice of removal

3 | within the thirty-day time period of 28 U.S.C. § 1446, removal is untimely.  Thus, remand is

4 | appropriate.[2]

5 | **CONCLUSION**

6 |     IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand (#5) is GRANTED.

7 | DATED: This 2nd day of April, 2008.

8 |

9 |

10 |

11 | UNITED STATES DISTRICT JUDGE

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 | [2] Because the Court finds that removal was untimely, the Court will not address Plaintiffs'

28 | argument that the Defendants failed to prove that the amount in controversy was sufficient for diversity jurisdiction.

5